ABRAM R. KELSEY, Appellant, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Respondent.

*Damages for personal injuries — care required of a traveler at a railroad crossing — contributory negligence.*

In an action brought to recover damages for personal injuries sustained by reason of the collision of a wagon, in which the plaintiff was driving, with a locomotive on the defendant's railroad at a highway crossing, the evidence must show that the plaintiff used that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances.

It is only when it clearly appears that the party's own act or neglect contributed to his injury that the case can be withdrawn from the jury, and it is not

enough to show that it was possible for the injured party to have discovered the locomotive with which he collided before attempting to cross the defendant's railroad tracks.

While the vigilance of a traveler at a railroad crossing must be in proportion to the known danger, it is also limited by the usual and ordinary signals of danger, and it cannot be said, as a matter of law, that a person about to drive over a railroad crossing should stop his horse or get out of his wagon and go upon the railroad track and look for an approaching locomotive before attempting to cross the track ; whether such actions are necessary is, under the circumstances of each case, a question of fact for the jury to determine.

APPEAL by the plaintiff, Abram R. Kelsey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 22d day of May, 1893, upon the dismissal of the complaint directed by the court on a trial at the Kings County Circuit before the court and a jury, with notice of an intention to bring up for review on such appeal said judgment and the order dismissing the plaintiff's complaint.

*Adelbert E. Carroll*, for the appellant.

*Tracy, Boardman & Platt*, for the respondent.

BROWN, P. J. :

This action was brought to recover for injuries received in a collision with a train on defendant's road at a highway crossing. There was evidence which would have permitted the jury to have found negligence upon the part of the defendant.

The complaint was dismissed upon the ground that it also showed contributory negligence on the plaintiff's part.

The law required of the plaintiff that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355.)

And it is only when it clearly appears from the evidence that the party's own act or neglect contributed to his injury that the case can be withdrawn from the jury.

It is not enough to show that it was possible for the injured party to discover the train, but the question always is whether the care exercised was that which an ordinary, prudent and intelligent person would exercise under similar conditions.

I think the case should have been submitted to the jury.

The accident occurred on September twelfth, between seven and eight o'clock in the morning.

The plaintiff was driving a milk wagon, having a wooden top with sliding side doors, which were open at the time of the accident. He was familiar with the crossing, knew its dangerous character, and knew that a train was due about the time of the accident.

He was going north towards the track and the colliding train was approaching from the east. For 1,320 feet east of the crossing the track ran through a cut fifteen feet in depth at the crossing, and running out until it reached the level ground. The street ran through a cut for 300 feet south of the crossing, and for that distance a view of the track was obstructed to a person approaching from the south until within thirty feet of the track, when he could see 350 feet to the east.

The plaintiff testified as to the accident as follows : " When I was up the road just between the woods where we could see I looked out of the wagon to see if I could see the train; I could not see it nor hear it; I listened and my horse walked slowly down the hill; very slow; I listened all the way down the hill for the train ; I did not hear it whistle nor ring a bell; when I got down within a few feet of the track, a short distance, I listened with my head out on the side of the wagon; I did not hear any sound of a train ; then I started my horse right on the track; I was struck by the train ; * * * until the horse's head was on the crossing the obstructions was such that no one could see an approaching locomotive at all."

The seat occupied by the plaintiff was in the rear of the wagon, back of the doors, and the horse was on a walk.

It is apparent from this evidence that when the plaintiff reached a point within thirty feet of the track, where, from his seat, he could look up the track to the east, his horse's head was within a few feet of the rails. The horse crossed the track and the engine collided with the wagon.

It is entirely credible, therefore, that plaintiff did not see the train when he listened with his head out of the side of the wagon at the point thirty feet from the track, and that, while his horse walked the distance of thirty feet, there was time for the train to reach the crossing.

It cannot be said as a question of law that the plaintiff should have stopped his horse or gotten out of his wagon and gone upon the track and looked before attempting to cross.

While the vigilance of a traveler must be proportioned to the known danger, it is also limited by usual and ordinary signals and evidence of danger. (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 454–456.)

The defendant had created a dangerous crossing and then omitted all notice of the approach of trains. The plaintiff had listened for the usual signals while he passed slowly over a distance of 300 feet and heard none. He looked at the first point where he had a view of the track and saw no danger. It was possible for him to have discerned the train if he had gotten out of the wagon and gone upon the track, but whether it was negligent for him to omit that precaution was a question for the jury, not for the court. Whether his conduct was that of an ordinary, prudent and cautious man was a fact to be determined by inference drawn from the evidence, and the question was for the jury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.